Dear Chief Coy:
This office is in receipt of your request for an opinion of the Attorney General in regard to compensation for a K-9 handler. You indicate a former K-9 handler along with his attorney has sent a letter to the Town maintaining he is owed back compensation pay in regard to time for handling the K-9 dog, and has related he would file a civil suit on this matter. He has stated he would take the K-9 dog as payment in lieu of the money, and the Town Council with the Town Attorney agreed to settle the matter by giving the former handler the K-9 dog. You do not feel that it is legal to give town property to settle this matter, and request an opinion in this regard.
Therefore, as we understand your question, you ask whether the K-9 dog, being town property, may be given to the handler in order to settle the matter, and thereby avoid the threatened civil suit.
R.S. 13:5109, "Authority to compromise; judgment; notice of judgment; payments", provides in Paragraph C as follows:
 The governing authority of a parish or municipality, upon the advice and the concurrence of the district attorney, parish attorney, or city attorney of that parish or municipality or proper official as the case may be, may compromise or settle any claim against that parish or municipality without the necessity for the filing of a suit against the parish or municipality in the matter. Any such compromise settlement shall be eligible, payable, and paid only out of funds appropriated for that purpose by the governing authority of that parish or municipality. No claim in excess of ten thousand dollars may be compromised or settled as provided herein before ten days have elapsed after the publication or such proposed compromise or settlement in the official journal of the appropriate political subdivision.
Even though the transfer of the K-9 dog would not be paid out of funds appropriated for that purpose, it is our understanding that the Town Council with the Town Attorney has agreed to the settlement of transferring of the K-9 dog as Town property in lieu of cash payment.
In this matter it should be recognized that a civil suit could involve significant expense and be a time consuming endeavor, whereas this appears to be a reasonable compromise settlement by the parties in order to avoid the difficulties of civil litigation. Therefore, we feel that this agreement constitutes a compromise settlement by the parties that would be legal in order to avoid civil litigation despite payment is not in cash but a transfer of Town property agreed upon by the governing authority which does not appear to be of great value to the town, and is certainly not for a claim in excess of ten thousand dollars under R.S.13:5109 which cannot be compromised.
We hope this sufficiently answers your inquiry.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY:___________________________ BARBARA B. RUTLEDGE ASSISTANT ATTORNEY GENERAL
RPI/BBR